NOT DESIGNATED FOR PUBLICATION

No. 129,467

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JONATHAN LOTT,
*Appellant*.

MEMORANDUM OPINION

Appeal from Sedgwick District Court; CHRYSTAL KRIER, judge. Submitted without oral argument. Opinion filed July 2, 2026. Affirmed.

Submitted by the parties for summary disposition under K.S.A. 21-6820(g) and (h).

Before ARNOLD-BURGER, P.J., MALONE and PICKERING, JJ.

PER CURIAM: Jonathan Lott appeals the district court's order extending his probation. The State did not respond. We granted his motion for summary disposition under Supreme Court Rule 7.041A (2026 Kan. S. Ct. R. at 48). After reviewing the record, we find no abuse of discretion and affirm the district court's decision.

FACTUAL AND PROCEDURAL HISTORY

In April 2023, Lott agreed to plead guilty to one count of aggravated domestic battery. In exchange, the State dismissed a misdemeanor count of domestic battery. The parties agreed to recommend the low number in the appropriate grid-box and a

1

dispositional departure to probation for 24 months. Based on Lott's anticipated criminal history score of A, the presumptive prison sentence would be a minimum of 30 months. At sentencing in June 2023, the district court followed the parties' joint recommendation by imposing an underlying 30-month prison sentence with a dispositional departure to a 24-month probation term. Lott was to obtain a substance abuse evaluation and follow the recommendations in it as a condition of his probation.

Just three months later, Lott admitted to multiple violations of the terms of his probation. Among those violations was the failure to get a substance abuse evaluation and the continued use of drugs. The district court followed the recommendations of his intensive supervision officer (ISO) by ordering Lott to serve a 60-day jail sanction with credit for any time served. By the time of the hearing, he had obtained a substance abuse evaluation which recommended treatment. The district court did not extend his probation at that time, but ordered him to comply with the existing probation, particularly the terms he had violated already.

Nine months later, in June 2024—a year since he had been originally put on probation—Lott was again accused of violating the terms of his probation. The violations included failure to complete treatment and continued drug use. At the subsequent hearing, he admitted the violations and the district court followed the recommendation of the parties and his ISO and ordered Lott to serve another 60-day jail sanction with credit for any time served. This time, the court extended Lott's probation 12 months "from the current expiration date"—or until June 15, 2026. He was also ordered to get an updated substance abuse evaluation and comply with the recommendations.

But in July 2025, Lott again admitted violating the terms of his probation. He had still not completed any treatment program. The district court again followed the shared recommendation of his ISO and the parties, ordering Lott to serve another 60-day jail sanction that would be stayed upon a bed becoming available in a residential treatment

2

facility. The court also extended Lott's probation for 24 months from the date of the hearing, which was July 24, 2025, explaining that Lott needed "to be able to make it on probation" and ordering Lott to "complete whatever treatment residential thinks that you need." Accordingly, he was to remain on probation until July 24, 2027.

Lott now appeals the extension of his probation.

ANALYSIS

Lott argues the district court abused its discretion when it extended his probation for another 24 months, rather than simply reinstating the previous term which was set to expire in June 2026.

Generally, unless otherwise limited by statute, once a probation violation is established, a district court has discretion to modify the terms of probation. *State v. Tafolla*, 315 Kan. 324, 328, 508 P.3d 351 (2022). Appellate courts review a district court's sanction for a probation violation for an abuse of discretion. 315 Kan. at 328. A judicial action is an abuse of discretion if it is arbitrary, fanciful, or unreasonable or if it is based on a legal or factual error. *State v. Levy*, 313 Kan. 232, 237, 485 P.3d 605 (2021). As the party claiming error, Lott bears the burden of establishing an abuse of discretion. See *State v. Keys*, 315 Kan. 690, 708, 510 P.3d 706 (2022).

Lott identifies no legal or factual errors. He stipulated to the violation of his probation, which eliminates any claim of a factual error. And the district court was authorized by statute to continue or modify the terms of probation as long as the total term did not "exceed 60 months, or the maximum period of the prison sentence that could be imposed whichever is longer." K.S.A. 21-6608(c)(6), (8).

3

Here, the district court originally imposed a 24-month probation term in June 2023, and later extended it to July 24, 2027, or a total probation term of approximately 49 months. So there was no legal error.

Instead, Lott's claim is that the district court acted unreasonably by extending his probation term because he "only needed residential substance abuse treatment." Although the district court went along with the ISO's recommendation that he be given yet another chance to complete treatment, the judge made it clear that he thought the recommendation was lenient under the circumstances. "Mr. Lott, you're lucky that they are recommending that. This is actually what I would consider to be your fourth violation."

Indeed, the court refused to release Lott directly into a treatment program. Instead, the judge ordered him into the community corrections residential program and then to complete treatment as recommended by the program. But there were no beds available in the residential program. Because of this, the court's disposition reflected that Lott would be waiting an indeterminate amount of time to begin any treatment program, let alone complete it. Under the circumstances, a reasonable person could agree that the district court acted within its discretion by extending Lott's probation to allow him additional time to obtain a bed at the residential center and then complete a treatment program of indeterminate length. Given Lott's demonstrated predilection to delay treatment and continue to use drugs, extending his probation rather than the alternative of remanding him to serve the balance of his sentence, was not unreasonable.

Affirmed.